UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NANCY STONE,

Plaintiff,

v.

UNITED STATES,

Defendants.

C12-2217 TSZ

ORDER

THIS MATTER comes before the Court on pro se Petitioner Nancy Stone's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, docket no. 1. Petitioner challenges the 24 month sentenced imposed upon her by this Court after she pled guilty to one count of Social Security Fraud. After the Ninth Circuit dismissed Petitioner's appeal on the grounds that it was barred by the appeal waiver in her Plea Agreement, Petitioner timely brought this motion challenging her sentence for ineffective assistance of counsel in two circumstances, first at the plea bargaining phase of litigation and, second, at sentencing. Having considered Petitioner's § 2255 motion, docket no. 1,

and supplemental motion, docket no. 14, the Government's responses thereto, the Petitioner's reply,[1] and the balance of the record, the Court enters the following ORDER:

**I. Background**

Petitioner was indicted on three counts of Social Security Fraud and 17 counts of Theft of Government Funds on September 14, 2011. The indictment charged Petitioner and her husband, Ronnie George, with a 21-year fraud in which they conspired to collect over $300,000 in need-based benefits to which they were not entitled. Superseding Indictment (Ex. A to Government's Response, docket no. 11). The indictment charges that Defendants falsely represented to the Social Security Administration ("SSA") and other federal agencies that Ronnie George was disabled and unable to work. Id. Based on these false representations, Petitioner and Ronnie George collected benefits administered by the SSA, the Department of Housing and Urban Development ("HUD"), and the Washington Department of Social and Health Services. Id.

Petitioner was represented by defense attorney Suzanne Elliott in connection with the charges. A Rule 11 change of plea hearing was held on October 14, 2011. Petitioner met with counsel for over an hour prior to the hearing to review the written Plea Agreement. Suzanne Elliott Time Records (Ex. E to Government's Response). The Plea Agreement charged Plaintiff with one count of Social Security Fraud and stated that the government would cap its sentencing recommendation at 37 months. Plea Agreement

---

[1] Petitioner's reply was due on Monday, May 13, 2013. She filed a motion for an extension of deadline on May 15, 2013, docket no. 16, and filed her reply brief on May 16, 2013. The Court GRANTS the motion for extension, docket no. 16, and has considered the Petitioner's reply brief.

(Ex. F to Government's Response). The written Plea Agreement set forth the elements of the offense charged, the maximum penalties, the rights Petitioner waived by entering into the plea, and pertinent sentencing factors. Id. The Plea Agreement also represented that "Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty." Id. at 9. Stone executed the written Plea Agreement prior to the hearing. Id. at 10.

At the change of plea hearing, Stone testified under oath that she was satisfied with the advice and counsel she had received from Ms. Elliott. Transcript of Proceedings of Change of Plea Hearing at 8 (Ex. G to Government's Response). In addition, she testified that she had "carefully" reviewed the Plea Agreement, and "thoroughly" discussed it with counsel. Id. She confirmed that the Plea Agreement contained all the promises that had been made to her and that no one had threatened her in any way or tried to force her to plead guilty. Id. at 16. At the conclusion of the hearing, the Court found Petitioner "fully competent and capable of entering an informed plea, that she is aware of the nature of the charge and of the consequences of the plea, and that the plea of guilty is made knowingly, intelligently, and voluntarily." Id. at 23.

Petitioner appeared for sentencing before this Court on March 7, 2012. Verbatim Report of Proceedings of Sentencing (Ex. H to Government's Response). The Court found, over Petitioner's objection, that the Sentencing Guideline range was 24 to 30 months, which included an enhancement for use of a minor based on the finding that Petitioner's 13 year-old son had completed a fraudulent document in furtherance of the

Defendants' fraud. Id. at 7-24. The government recommended a high-end sentence of 30 months. Id. at 25. Counsel for Petitioner argued for a downward variance, with a sentence of six months in a halfway house and six months of home confinement. Id. at 25-36. Petitioner addressed the Court and apologized for her conduct. Id. at 36. Petitioner was also given a second opportunity to address the Court after her husband addressed the Court. She apologized again and stated, "that's all I can say." Id. at 38. The Court imposed a sentence of 24 months. Id. at 41.

## II. Discussion

Petitioner brings this motion under 28 U.S.C § 2255 to vacate, set aside, or correct her sentence, claiming ineffective assistance of counsel. She claims that counsel failed to adequately explain her rights under the Plea Agreement, that counsel and the prosecution threatened her to induce her to enter the plea agreement, and that counsel prevented her from testifying at her sentencing hearing. In a supplemental § 2255 motion, Petitioner also claims ineffective assistance of counsel based on Fifth Amendment violations at the time of her arrest. Docket no. 14.

The two-part test of Strickland v. Washington, 466 U.S. 668, 687-89, 104 S. Ct. 2052 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366 (1985). In order to prevail on a claim of ineffective assistance of counsel, Petitioner must prove (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. Counsel's performance is deficient if it falls below an objective standard of reasonableness. In order to satisfy the second prong of the test and

establish that counsel's performance prejudiced the defense, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Where the conviction is by a guilty plea, the petitioner must establish that she would not have entered the guilty plea but for the professional errors. Hill v. Lockhard, 474 U.S. 52, 56, 106 S. Ct. 366 (1985). "Judicial scrutiny of counsel's performance must be highly deferential" and courts must indulge a "strong presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" U.S. v. Palomba, 31 F.3d 1456, 1460 (9th Cir. 1994) (quoting Strickland, 466 U.S. at 690).

Petitioner makes seven separate claims in her motions. The government argues preliminarily that the Court should dismiss the motions outright because the Petitioner has failed to comply with the requirement that a § 2255 petition set forth "a statement of specific facts" sufficient to warrant relief. James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). In support of this contention, the government cites several cases where the Ninth Circuit has upheld the dismissal of a § 2255 petition because the claims were only "conclusory" allegations without a sufficient factual basis. While this may be appropriate in certain circumstances, the Court concludes that in the present case, the Petitioner has set forth a sufficient factual basis for the government to understand the nature of her claims and offer a reasoned response. As such, the Court will proceed to the merits of Petitioner's claims.

**1. Rights pertaining to Plea Agreement**

Petitioner first claims that counsel "failed to advise movant of her rights in accepting the plea agreement." Motion at 5. This claim fails because it is contradicted by Petitioner's sworn testimony at the Rule 11 hearing where she testified that she had "carefully" reviewed the Plea Agreement and "thoroughly" discussed it with counsel. Transcript of Proceedings of Change of Plea Hearing at 8. During Petitioner's colloquy, the Court explained in detail the elements the government would have to prove beyond a reasonable doubt at trial; the rights that Petitioner would have at trial and that she waived those rights by pleading guilty; and the Sentencing Guidelines and sentencing procedures. Id. at 9-20.

In addition, even if counsel failed to adequately advise the Petitioner of her rights with respect to the Plea Agreement, she cannot prove prejudice under the second prong of the Strickland test because any inadequacy in counsel's representation was cured by the Court's colloquy at the Rule 11 hearing. At the hearing, he reviewed the Plea Agreement in detail and confirmed that Petitioner understood her rights under the Agreement.

**2. Threats concerning amount of prison time**

Petitioner next contends that counsel "worked with Prosecution in threatening Movant regarding the amount of prison time she would receive." Motion at 5. This claim is also contradicted by Petitioner's testimony at the Rule 11 plea hearing. At that time, Petitioner expressly confirmed that no one had threatened her or put any pressure on her to induce her to enter a plea of guilty. Transcript of Proceedings from Rule 11 Hearing at 16.

**3. Threats to Petitioner's Children**

Petitioner also claims that counsel threatened that "if Movant did not accept the plea agreement, the prosecution would arrest and charge her son and daughter, and would also charge Movant with Bank Fraud." Motion at 5.

The Government responds that this claim appears to be related to a conversation that defense counsel had with Petitioner about a separate matter involving eviction proceedings that occurred several months after Petitioner entered her guilty plea. Defense counsel memorialized the conversation in a letter. Letter to Petitioner from Defense Counsel (Ex. J to Government's Response). In the letter, defense counsel advised Petitioner against filing in an ongoing eviction proceeding documents drafted by a person with a criminal history of creating forged documents. Id. Apparently at issue in the eviction proceeding were transactions in which Petitioner's children had purportedly been incorporated as churches to reduce tax liability. Id. Defense counsel expressed concern that Petitioner's intent to file forged documents in the eviction proceeding could lead to new charges or negatively impact her at sentencing. Id.

Any advice by defense counsel concerning the separate eviction litigation cannot be construed as ineffective assistance of counsel in this case because the conversation and follow-up letter occurred after Petitioner entered her guilty plea. Where a conviction is by a guilty plea, the petitioner must establish that she would not have entered a guilty plea but for the professional errors. Hill v. Lockhard, 474 U.S. at 56.

Petitioner's reply brief reiterates the claim that defense counsel "related that, as a part of an unsaid agreement, if she didn't accept the plea agreement the government was

offering, her children would be charged and indicted." Reply at 12. Because this claim is contradicted by Petitioner's testimony at the Rule 11 plea hearing that no one had threatened her or put any pressure on her to induce her to enter a plea of guilty, the Court views it with extreme skepticism. Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621 (1977) (holding that "solemn declarations in open court carry a strong presumption of verity.") Because Petitioner's allegation is conclusory and "unsupported by specifics" it is "subject to summary dismissal." Id.

**4. Sentencing Enhancement**

Petitioner claims that defense counsel failed to "present rebuttal evidence at sentencing" to oppose the two-point sentencing enhancement sought by the government for use of a minor in the commission of the crime. Motion at 5. Petitioner does not explain what evidence defense counsel failed to provide, but it appears that she is referencing the fact that Michael Stone was prepared to testify at sentencing that Petitioner was not present when he made misrepresentations to the SSA concerning Ronnie George's disability. This claim is contrary to the record. Counsel did proffer at sentencing that Michael Stone would testify that he completed the form outside of Petitioner's presence and not at her request. Verbatim Report of Proceedings of Sentencing at 8. However, the Court held that the enhancement would apply anyway because Petitioner had identified Michael Stone as a person able to corroborate Ronnie George's disability and authorized the SSA to contact him. Id. at 18-20. As a result, the fact that Michael Stone did not testify is not a result of deficient representation and did not result in any prejudice to Petitioner.

**5. Petitioner's ability to testify at sentencing**

Petitioner claims that defense counsel prevented her from testifying at sentencing "regarding her confusion of accepting plea agreement of 24 months." Motion at 5. This claim is entirely contradicted by the record. Petitioner was provided with two opportunities to address the Court at sentencing. Verbatim Report of Proceedings of Sentencing at 36, 38. She apologized to the Court, thanked her family for being present, and stated that she had nothing else to say. She now appears to contend that, although she had an opportunity to address the Court, defense counsel prevented her from saying what she wanted to say, i.e., that she was confused about accepting the Plea Agreement.

Petitioner testified at the Rule 11 hearing that she understood the Plea Agreement and the sentencing guidelines. The Ninth Circuit has held that the court should give "substantial weight" to the defendant's relevant in-court statements, United States v. Kaczynski, 239 F.3d 1108, 1115 (9th Cir. 2001). Here, the Petitioner claims that she wanted to testify at sentencing that she was confused about entering the Plea Agreement but defense counsel prevented her from doing so. The Court concludes that this claim of ineffective assistance is without merit. Petitioner had previously testified under oath that she understood the Plea Agreement and the sentencing guidelines. She further was provided with two opportunities to address the Court at sentencing.

**6. Evidence of Psychological State**

Petitioner's last claim in her initial § 2255 motion is that defense counsel failed to "submit evidence of Movant's psychological/emotional state of PTSD and confusion."

Motion at 8. Specifically she contends that counsel should have submitted a psychological report from Health Point Community Center that she appended to her § 2255 motion. Id. at 17. She claims that the combination of prescription drugs that she was taking during the legal proceedings in this case rendered her incapable of understanding the proceedings.

This claim fails for two reasons. First, the medical report that Petitioner submitted is dated nearly a month after sentencing. Second, the report does not contain anything to suggest that Petitioner was not competent. The report indicates that Petitioner was "experiencing significant stress related to current legal stress" and "doesn't sleep well." Counsel was not ineffective for failing to present this evidence to the Court either at the Rule 11 hearing or at sentencing.

**7. Fifth Amendment violations**

In a supplemental § 2255 motion Petitioner alleges that her Fifth Amendment constitutional rights were violated when she was interrogated by federal agents at the time of her arrest prior to being read her Miranda rights. Motion to Supplement § 2255, docket no. 14. She also claims that she was not aware of her right to speak to an attorney before being questioned by law enforcement.

This claim is without merit. First, a valid guilty plea precludes a defendant from later asserting constitutional claims based upon alleged misconduct that occurred prior to entry of the plea agreement. Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602 (1973); see Mabry v. Johnson, 467 U.S. 504, 508, 104 S.Ct. 2543 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has

been advised by competent counsel, may not be collaterally attacked"), abrogated on other grounds by Puckett v. United States, 556 U.S. 129, 138 n.1, 129 S. Ct. 1423 (2009).

Moreover, the Court notes that Petitioner's allegations are contradicted by the report of the arresting officer, which memorializes that the arresting officer read Petitioner her Miranda rights and that Petitioner immediately requested a lawyer and indicated that she did not wish to speak with the arresting officer. SSA Investigation Report at 3 (Ex. A to Government's Response to Supplemental § 2255 Motion). In addition, Petitioner does not allege that she told the agents anything that was later used against her. She does not explain how she was intimidated by agents or articulate any consequences resulting from the alleged misconduct. For these reasons, Plaintiff's Fifth Amendment claims are not cognizable.

Further, to the extent that Petitioner claims that the events surrounding her arrest support a claim of ineffective assistance of counsel, this is entirely untenable. The right to counsel does not attach until the commencement of adversarial proceedings, and the Ninth Circuit has consistently held that there is no right to counsel at the time of arrest. See Anderson v. Alameida, 397 F.3d 1175, 1180 (9th Cir. 2005) (citing cases).

**8. Evidentiary Hearing**

A petitioner is entitled to an evidentiary hearing only if the petitioner (1) alleges specific facts which, if true, would entitle the petitioner to relief, and (2) the petition, files and record of the case do not conclusively show that she is not entitled to relief. 28 U.S.C. § 2255. Where a petition consists of only conclusory allegations, no evidentiary hearing is required. United States v. McMullen, 98 F.3d 1155, 1158 (9th Cir. 1996)

(holding district court properly denied evidentiary hearing where plaintiff "failed to allege specific facts" supporting petition).

In the present case, the Petitioner makes several general claims in support of her theory that she did not receive effective assistance of counsel. However, these claims are not supported by specific facts or by the record. As such, the Court concludes that Petitioner's assertions of ineffective assistance of counsel should be denied based on the record and the documentary evidence before the Court and no evidentiary hearing is required.[2]

**9. Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2255 may appeal a district court's dismissal of her federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may be issued only where the petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). This standard is satisfied "by demonstrating that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003). The Court concludes that in the present case the Petitioner has

[2] Because the Court concludes that an evidentiary hearing is not required, the Court is not required to appoint counsel. See Rule 8(c) of the Rules Governing § 2255 Cases; United States v. Duarte-Higareda, 68 F.3d 369 (9th Cir. 1995). In the present case, the Court concludes that the legal issues are not inherently complex, that the petitioner has adequately articulated her claims, and that the appointment of counsel is therefore unnecessary. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Petitioner's motion for appointment of counsel, docket no. 19, is DENIED.

not demonstrated that she is entitled to a certificate of appealability under the applicable standard.

**III. Conclusion**

For the reasons described above, the Petitioner's § 2255 motion, docket no. 1, is DENIED and this matter is DISMISSED. No evidentiary hearing is required because the record and documentary evidence before the Court demonstrates that Petitioner is not entitled to relief. Because no evidentiary hearing is required, the Court DENIES Petitioner's motion to appoint counsel, docket no. 19. In accordance with Rule 11 of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record and to Petitioner pro se.

Dated this 9th day of July, 2013.

THOMAS S. ZILLY
United States District Judge